## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RICKY LEE BERRY,                    )
                                    )
             Petitioner,            )
                                    )
vs.                                 )          Case No. CIV-06-856-HE
                                    )
CHARLES RAY,[1] Warden,             )
                                    )
             Respondent.            )

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action allegedly pursuant to 28 U.S.C. § 1229(b) seeking relief from his state court judgment and conviction.[2] Pursuant to an order of United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons stated herein, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges his January 7, 1993 convictions after jury trial on five counts of rape in the second degree. Case No. CF-1992-163, District Court of

---

[1] Petitioner filed this action naming the State of Oklahoma and Garfield County as Respondents. As set forth in note 2 below, although Petitioner cited to 28 U.S.C. § 1229(b) in support of his request for relief from his conviction, this is actually a habeas corpus petition challenging a state court conviction, an action that is properly characterized as having been filed pursuant to 28 U.S.C. § 2254. Where an applicant is presently in custody pursuant to a state judgment that is being challenged, the state officer having custody of the applicant is the properly named respondent. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the State of Oklahoma and Garfield County are dismissed, and Warden Ray is substituted as the Respondent.

[2] Petitioner actually filed a document entitled "Rule 5. Appeal by Permission under 28 U.S.C. § 1229(b), and Motion to Set Aside the Order Amen (sic) Finings (sic) and to Grant Relief Judgment Entered Herein." Because Petitioner is challenging his state court conviction this action is properly construed as having been filed pursuant to 28 U.S.C. § 2254. There is no section 1229 in Title 28 of the United States Code, and the undersigned is unaware of any other statute that Petitioner could invoke in order to challenge his state conviction.

Garfield County.  Petition, p. 1-2.  He received five consecutive sentences of fifteen years

imprisonment.  Petition, p. 1-2.  Petitioner appealed, and the Oklahoma Court of Criminal

Appeals affirmed his convictions on March 15, 1995.  Petition, p. 5.  On January 5, 2006,

Petitioner filed an application for post-conviction relief in the state district court, which

was denied on February 16, 2006.  Petition, p. 5.  Petitioner did not file a timely appeal.

On April 11, 2006, Petitioner sought an appeal out of time.  The Oklahoma Court of

Criminal Appeals affirmed the denial of Petitioner's application for post-conviction relief

on July 5, 2006.  Case No. PC-2006-386.  Petition, Ex. A.

    Petitioner raises five grounds for relief.  In Ground One, he argues that his due

process rights were violated on several occasions in his criminal trial.  Petition, p. 1-2.

In Ground Two, Petitioner alleges that he was denied the effective assistance of trial

counsel.  Petition, p. 2.  In Ground Three, Petitioner alleges that appellate counsel was

constitutionally ineffective.  Petition, p. 2.  In Ground Four, Petitioner asserts that rape

examination reports and physical evidence were not used in court.  Petition, p. 2.   In

Ground Five, Petitioner argues that the trial court erred in admitting his confession.

Petition, p. 2.

## I.  SCREENING REQUIREMENT

    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under

an obligation to review habeas petitions promptly and to summarily dismiss a petition

"[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief. . . ."  The Supreme Court recently stated that district

courts are permitted, although not obliged, to sua sponte consider the timeliness of a state

prisoner's habeas corpus petition. <u>Day v. McDonough</u>, __ U.S. __, 126 S.Ct. 1675, 1684 (2006). Moreover, the undersigned's sua sponte consideration of whether the petition is time-barred will not prejudice Petitioner because he has an opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation. <u>See</u> <u>Day</u>, 126 S.Ct. at 1684 ("before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); <u>see</u> <u>also</u>, <u>Smith v. Dorsey</u>, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar sua sponte and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing <u>Hardiman v. Reynolds</u>, 971 F.2d 500 (10th Cir. 1992)).[3]

## II. THE AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[4] sets forth a one-year period of limitations for habeas petitioners who are in state custody. The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

---

[3] This and any other unpublished decision cited herein as persuasive authority pursuant to Tenth Circuit Rule 36.3.

[4] Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above.  Preston v. Gibson, 234 F. 3d 1118, 1120 (10th Cir. 2000). Petitioner alleges facts that require the Court to consider the provisions of § 2244(d)(1)(C); however, he does not allege facts that implicate the provisions of § 2244(d)(1)(B) or (D), and thus consideration of the timeliness of the petition will be limited to review under § 2244 (d)(1)(A) and (C).

Under § 2244(d)(1)(A),  Petitioner's action is clearly untimely. Petitioner alleges that he was sentenced on January 7, 1993.  Petition, p. 2.  The Oklahoma Court of Criminal Appeals affirmed his conviction on March 15, 1995.  Petition, p. 5.  Petitioner then had 90 days to file a certiorari petition in the United States Supreme Court.  See 28 U.S.C. § 2101(c) (providing that "any writ of certiorari . . . shall be . . . applied for within ninety days after the entry of . . . [the underlying] judgment or decree"); Rule 13, Rules of the Supreme Court of the United States (a certiorari petition is timely if it is filed within 90 days of the entry of judgment by a state court of last resort).  There is no

indication that Petitioner sought such review, and thus his convictions became final on or about June 15, 1995. Because Petitioner's convictions became final before the effective date of the AEDPA, he had until April 24, 1997 in which to file his petition. Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Thus, without consideration of any tolling principles, the petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

Petitioner alleges that Massaro v. United States, 538 U.S. 500 (2003), was a new rule of constitutional law made retroactive by the Supreme Court, which would permit him to rely on the alternative statute of limitations provision of 28 U.S.C. § 2244(d)(1)(C). Petition, p. 6. The United States Court of Appeals for the Tenth Circuit squarely rejected this argument in Ayala v. Workman, No. 04-6215, 116 Fed.Appx. 989 (10th Cir. Dec. 2, 2004):

> Contrary to [petitioner's] claim, Massaro did not alter or clarify Strickland's ineffective assistance of counsel standard. Massaro addressed whether the "procedural default rule" that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" applied to a federal prisoner's ineffective assistance claims. 538 U.S. at 504, 123 S.Ct. 1690. The Court found this appeal-it-or-lose-it rule, which "is neither a statutory nor a constitutional requirement," did not apply to a federal inmate's ineffective assistance claims; instead, the "better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255." Id. Simply put, Massaro addressed when and in what forum federal inmates may raise ineffective assistance claims, not what an inmate must prove to substantiate them. Accordingly, Massaro announces a federal procedural rule, not a "newly recognized" constitutional right. See also Sweet v. Bennett, 353 F.3d 135, 140 (2d Cir.2003) ("Massaro is not a constitutional decision, and by its own language it did not extend its rule beyond § 2255."); Gomez v. Jaimet, 350 F.3d 673, 678 (7th Cir.2003) ("[T]he holding of Massaro is not legally binding on states. Massaro was not a constitutional decision."); McDonough v. State, 675 N.W.2d 53, 56 n. 3 (Minn.2004) ("The rule in Massaro does not bind this court because the decision is not based on constitutional requirements; rather it is based on public policy concerns."). Thus, Massaro

does not trigger a new one-year limitations period for [petitioner] under §
2244(d)(1)(C).

Id. at 991-92.  Therefore, Petitioner is not entitled to rely on the alternative statute of
limitations provision of 28 U.S.C. § 2244(d)(1)(C).  Accordingly, the petition in this case
is subject to dismissal because the statute of limitations has expired, unless Petitioner is
entitled to tolling of the 28 U.S.C. § 2244(d)(1)(A) statute of limitations period.

## III. STATUTORY TOLLING

Federal law provides that the limitations period is tolled for a "properly filed
application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).
However, Petitioner is not entitled to tolling for his application for post-conviction relief
because it was not commenced until the limitations period had already expired.  See e.g.,
Hansell v. LeMaster, No. 98-2207, 1999 WL 258335, at *2 (10th Cir. April 30, 1999)
(refusing to toll limitation period for time petitioner spent seeking post-conviction relief
where petitioner did not seek such relief until after the statutory period ended).
Therefore, statutory tolling is unavailable.

## IV.  EQUITABLE TOLLING

The period of limitation also "may be subject to equitable tolling" under
circumstances where application of the period of limitation would possibly render the
habeas remedy "inadequate and ineffective."  Miller v. Marr, 141 F.3d 976, 978 (10th Cir.
1998). However, equitable tolling is limited to "rare and exceptional circumstances."
Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, the
petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary
circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.

2000).  It is Petitioner who has the burden of demonstrating that equitable tolling applies.
Cooper v. Bravo, No. 00-2462, 2002 WL 32716 at *4 (10th Cir. Jan. 11, 2002) (citing
Miller).  In this case, there is no reason indicated for Petitioner waiting more than a
decade after his convictions were affirmed by the  Oklahoma Court of Criminal Appeals
before filing his state post-conviction application and nothing in the petition suggests
that this case presents the rare circumstance in which equitable tolling should be
applied.

Furthermore, even if Petitioner could show rare and extraordinary circumstances
justifying equitable tolling of the limitation period, he must also demonstrate that he has
diligently pursued his federal claims.  Gibson v. Klinger, 232 F.3d at 808; Marsh, 223
F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is
facially clear from the timing of the state and federal petitions that the petitioner did not
diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir.
2003).  Here, Petitioner waited almost ten years after the AEDPA took effect before
bringing his state post-conviction application.  In light of the foregoing, the undersigned
finds that application of the doctrine of equitable tolling is not appropriate here.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the petition for a writ of
habeas corpus be dismissed on filing because it is untimely.  Petitioner is advised of his
right to file an objection to this Report and Recommendation with the Clerk of this Court
on or before September 11, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule
72.1.  Petitioner is further advised that failure to file a timely objection to this Report and

Recommendation waives his right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

**ENTERED this 21st day of August, 2006.**

**DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE**