IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICKY LEE BERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-06-0856-HE |
| | ) | |
| CHARLES RAY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On August 15, 2006, petitioner Ricky Lee Berry, a state inmate appearing *pro se,* instituted this action. It has been treated as if filed under 28 U.S.C. § 2254 because the petitioner is challenging his state court convictions. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Doyle W. Argo, who has recommended that the petition be dismissed because it is untimely.

The petitioner was convicted in January, 1993, of five counts of rape in the second degree. He appealed and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions on March 15, 1995. The petitioner then filed an application for post-conviction relief in the state district court on January 5, 2006, which was denied. On July 5, 2006, the OCCA affirmed the denial of post-conviction relief.

Because the petitioner's convictions became final before the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the magistrate judge determined the petitioner had until April 24, 1997, in which to file his habeas petition. *See* 28 U.S.C. § 2244(d)(1) (under the AEDPA a one-year limitation period applies to a state prisoner's

application for a writ of habeas corpus).[1] As the petition was not filed until August 15, 2006, it clearly was time-barred, unless tolled. The magistrate judge found the petitioner had shown no basis for either statutory[2] or equitable tolling. Having conducted a de novo review of the petitioner's claims and considered his objection to the Report and Recommendation and the habeas petition, the court agrees.

The petitioner asserts in his objection that he has been confined since July 11, 1996, at a facility that lacks a law library. He also claims he understood that the attorney who represented him on appeal was going to continue to represent him through the post-conviction process. Assuming the petitioner has demonstrated rare and extraordinary circumstances justifying equitable tolling of the limitations period, he still failed to show he diligently pursued his federal habeas claims. *See* Richards v. Workman, 2002 WL 1045990, at * 1 (10th Cir. May 24, 2002).

Accordingly, having agreed with Magistrate Judge Argo that the statutory filing period has expired with respect to the petitioner's claims and that the limitations period is not subject to statutory or equitable tolling, the court adopts his Report and Recommendation. The petition for writ of habeas corpus is dismissed.[3]

---

[1] *The one year period ran from the AEDPA's effective date, April 24, 1996.* Richards v. Workman, *2002 WL 1045990, at * 1 (10th Cir. May 24, 2002), an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).*

[2] *The limitations period was not tolled during the period the petitioner sought post-conviction relief because he did not seek such relief until after the one year period had expired.* Richards, *2002 WL 1045990, at * 1.*

[3] *This ruling moots the petitioner's motion request for permission to file a petition for rehearing [Doc. #7].*

**IT IS SO ORDERED.**

Dated this \_6TH\_ day of Dec. , 2006.

                                              JOE HEATON
                                              UNITED STATES DISTRICT JUDGE